BENTON, J.,
dissenting.
I respectfully dissent. I believe the trial court’s ruling in this case is eminently correct, and that requiring Lennox Industries, Inc., with whom Mr. Goswami had no agreement of any kind, to continue to defend this baseless lawsuit is an injustice. The learned trial judge explained:
*1224 This case involves a five count amended complaint brought by Plaintiff D. Yogi Goswami against Universal Air Technology, Inc., and Lennox Industries, Inc., Defendants. Plaintiff Gos-wami is the inventor of a process known as a photocatalytic system for indoor air quality to which he holds certain patents. Goswami, Louis Cohen and United Air Technology, Inc., entered into a business start-up agreement whereby Cohen contributed money and Goswami contributed his patented process to the corporation. They each received shares in the corporation in exchange for their contributions. They also each received options to purchase additional shares. As “additional consideration” to Gos-wami for contributing his patented process to the corporation, United Air Technology, Inc., agreed to pay Gos-wami additional compensation equal to one (1%) of the gross revenue received by the corporation for products, processes and application of the technology encompassed by the patents. As set forth in the start-up agreement, the principal purposes of Universal Air Technology, Inc., were to conduct research, form, fashion, construct, distribute and sell the photocatalytic oxidation and disinfectant process or devices covered by the patents. Other than Goswami’s entitlement to one percent (1%) of the revenue received by Universal Air Technology, Inc., for products, processes and application of the technology, and whatever dividends to which he was entitled as a shareholder, there were no other provisions in the start-up agreement specifically applicable to a further sale of the patented processes by United Air Technology to any other entity.
On February 28, 2002, Universal Air Technology entered into an asset purchase agreement with Lennox Industries, Inc., whereby Lennox acquired the patented processes owned by Universal. Through this lawsuit, Plaintiff attempts to hold Lennox responsible for paying a one percent (1%) royalty to Goswami based upon Lennox’s receipt of gross revenue from the patented technology. However, there is no provision in the asset purchase agreement which requires Lennox to pay Goswami such a royalty. Additionally, there is no provision in the start-up agreement between Goswami and Universal Air Technology which requires Universal Air to require such a royalty payment in the event of a sale of the technology to another entity. To the contrary, the only provision in the start-up agreement governing such an event would only require Universal Air Technology to give Goswami one percent (1%) of whatever it received as gross revenue from the sale. In this case, we are not dealing with a successor corporation which has either impliedly or expressly agreed to assume the obligations of it predecessor. To the contrary, Universal Air Technology and Lennox Industries, Inc., are separate corporate entities which merely engaged in a transaction to transfer assets. Plaintiffs entitlement to receive one percent (1%) of whatever United Air Technology, Inc., received and continues to receive for the sale of the subject technology to Lennox Industries is clearly set forth in the parties’ start-up agreement, and it is equally clear that Plaintiff is entitled to nothing from Lennox Industries, Inc. Accordingly, there is no genuine issue of material fact with respect to Defendant Lennox Industries’ alleged obligation or liability to Plaintiff Goswami, and said Lennox Industries, Inc., is entitled to summary judgment. ...
Mr. Goswami’s agreement was with United Air Technology, Inc. (UAT), not Lennox *1225 Industries, Inc. (Lennox). The trial court acknowledged that Mr. Goswami is entitled to one per cent of the sale proceeds UAT received from Lennox, but that is UAT’s obligation, not Lennox’s.
As a minority UAT shareholder, moreover, Mr. Goswami benefits from any increase in value in his UAT shares attributable to the sale of the technology. (If UAT’s sale to Lennox did not increase the value of UAT’s shares, Mr. Goswami should look to UAT’s management, not to Lennox.) Mr. Goswami never had any agreement with Lennox, and Lennox has never breached any agreement with anyone. The trial court ruled correctly and should be affirmed.